**Larry MOODY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 5, 1985.

Rehearing Denied Aug. 30, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Nov. 12, 1985.

J. David Niehaus, Deputy Appellate Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Cicely D. Jaracz, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, GUDGEL and WHITE, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Jefferson Circuit Court. After a jury trial, appellant was adjudged guilty but mentally ill of the offense of first-degree robbery. On appeal, appellant contends the trial court erred by failing to determine whether he was competent on the date of his sentencing hearing. We agree. Hence, we vacate the court's judgment and remand this case with directions that the court conduct a resentencing proceeding consistent with our views.

Appellant was arrested on October 26, 1982, after committing a robbery at Wish's Drug Store. After he was apprehended he indicated to the police that he had "walked away from" Central State Hospital. At his arraignment the following day, the court ordered appellant to undergo a psychiatric evaluation to determine whether he was competent to stand trial. Appellant was subsequently admitted to the Kentucky Correctional Psychiatric Center (KCPC) for evaluation. He was discharged from KCPC on November 22. Dr. Pran Ravani, the psychiatrist who examined appellant, diagnosed him as suffering from paranoid schizophrenia. However, he also stated that appellant was in partial remission and was competent to stand trial. On February 3, 1983, appellant was indicted for the felony offense of first-degree robbery. On February 17, appellant filed a motion asking that he be reevaluated as to the issue of his competency to stand trial. The motion was denied. On April 28, appellant again filed a motion asking for a reevaluation. The motion was accompanied by an

affidavit of Dr. Arthur Slatkin, a Jefferson County Correctional Department psychologist, who stated that appellant was in his opinion, incompetent to stand trial. The court, based on Dr. Slatkin's affidavit, granted appellant's April motion. Appellant was again sent to KCPC for purposes of a psychiatric evaluation. He was discharged from KCPC on November 17, 1983. Just as before, Dr. Ravani concluded that appellant was suffering from paranoid schizophrenia. However, he again stated that the disease was in partial remission and that appellant was competent to stand trial.

On March 1, 1984, pursuant to KRS 504.-070(1), appellant gave notice that he intended to rely upon mental illness as a defense. A jury trial took place on April 6. The jury adjudged appellant guilty but mentally ill of the offense of first-degree robbery and recommended that he be sentenced to a prison term of ten years. On May 22, pursuant to the provisions of KRS 504.140, the court appointed Dr. Slatkin to examine and report on appellant's mental condition as of the time of sentencing. The court conducted a sentencing hearing on June 4. Dr. Slatkin testified at the hearing that appellant was acutely mentally ill. Appellant's counsel immediately objected to the court proceeding to render a final judgment imposing a prison sentence without first determining whether appellant was competent. The court overruled counsel's objection indicating that our statutory scheme does not require a convicted felon to be competent on the date of sentencing even though the defendant may have been adjudged guilty but mentally ill. The court proceeded to sentence appellant to the jury's recommended prison sentence of ten years. This appeal followed.

Appellant's sole contention on appeal is that the trial court erred by failing to determine whether he was competent on the date of his sentencing hearing. We agree with his contention.

█ Appellant was adjudged competent to stand trial on two separate occasions prior to his sentencing hearing. However,

the court refused to make any new determination as to whether he was competent *on the day he was sentenced.* Moreover, although Dr. Slatkin, pursuant to KRS 504.140, examined appellant and reported on his mental condition at the sentencing hearing, he confined his evaluation and testimony to appellant's mental illness. He was not asked to state his opinion as to whether appellant despite his illness was competent on that date.

█ The applicable statute, KRS 504.-090, states that "no defendant who is incompetent to stand trial shall be tried, convicted *or sentenced* so long as the incompetency continues." (Emphasis added.) Further, although the applicable statutes utilize the phrase "incompetent to stand trial," KRS 504.060(3) defines the term "incompetent to stand trial" to mean that "as a result of mental condition, [one has a] lack of capacity *to appreciate the nature and consequences of the proceedings against one* or to participate rationally in one's own defense." In view of the express provisions of KRS 504.090, we believe that the word "proceedings" used in the definition of the phrase "incompetent to stand trial" in KRS 504.060(3), was intended to embrace not only the trial proceedings but also the sentencing hearing. We hold, therefore, that a convicted defendant who, due to his or her mental condition is unable to appreciate the nature and consequences of his or her sentencing proceeding may not be sentenced until such time as he or she is competent to do so. Thus, in appointing a psychologist or psychiatrist to examine, treat, and report on a defendant's mental condition on the date of sentencing pursuant to KRS 504.140, the trial court should direct the person appointed to report not only on the defendant's mental condition, but also, on the issue of whether the defendant is sufficiently competent to understand the nature and consequences of such a proceeding. Once the issue of whether the defendant is competent on the date of sentencing is resolved, the trial court should proceed further in

accordance with the dictates of KRS 504.-110.

For the reasons stated, the court's final judgment is vacated and remanded with directions that the court conduct a resentencing proceeding consistent with the views expressed in this opinion.

All concur.