Tyrus L. MOZEE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Tyrus Lamar MOZEE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Nos. 87–SC–408–TRG, 87–SC–682–MR.

Supreme Court of Kentucky.

May 4, 1989.

Linda K. West, Assistant Public Advocate, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

These two appeals were consolidated for hearing in this court, and each of them will be disposed of in this opinion.

### APPEAL NO. 87–SC–408–TRG

Appellant was charged with complicity to commit murder and first-degree robbery. A jury found him guilty of the robbery and not guilty of the murder. He was sentenced to confinement for 12 years. We granted transfer to this court of Mozee's appeal to the Court of Appeals because there was already pending in this court a matter of right appeal by appellant's code-

fendant below and the same transcript was necessary in each case.

The issues raised in this appeal are: (1) that appellant was entitled to a directed verdict of not guilty; (2) that appellant was not competent to be tried; (3) that appellant was not competent to be sentenced; and (4) that appellant was incapable of understanding the *Miranda* warnings and that his statement to police officers should have been suppressed.

The appellant presented evidence from psychiatrists and psychologists that he suffered from mild mental retardation, that he functioned on a day-to-day level of a six- to nine-year-old, that he was probably unable to understand the various *Miranda* rights when they were explained to him, and that he was probably unable to appreciate the nature and consequences of the proceedings against him or to participate rationally in his defense.

On the other hand, the psychiatrist who examined appellant approximately a year before his trial testified that he was, at that time, competent to stand trial. This psychiatrist examined appellant at a later time and noted an apparent deterioration in his mental condition which he was unable to explain. A psychologist testified that malingering on the part of the appellant should not be discounted as a reason for his seeming inability to comprehend.

More than one competency hearing was held, one of them jointly by the two trial judges who presided over these cases. On the basis of their observations of appellant at these hearings they concluded, "Few times has there been a defendant who better understood his attorney and better conducted himself at a court proceeding and cooperated with his attorney better than did this defendant, as he demonstrated at both the hearings held on his competency before these judges. He was fully cooperative with his attorney and responded in his own best interests and in an appropriate manner."

In addition, the appellant had been charged in certain disciplinary proceedings while he was incarcerated. He defended himself at those hearings, testified in his own behalf and examined witnesses. The hearing officer testified that appellant seemed to understand the procedures and conducted himself in the disciplinary hearings as well as the average prisoner.

The police detectives who took a statement from appellant after reading to him the *Miranda* rights, testified that he appeared to understand his rights and that he seemed to understand their questions. The statement he gave to the police was rational and did not indicate any lack of understanding or ability to communicate.

■ A trial court is not absolutely bound by the testimony of medical experts in making a determination as to competency to stand trial. A judge is also entitled to consider the testimony of laypersons and his own observations and impressions based upon the conduct and testimony of the accused at the hearing.

■ Appellant concedes that the burden of establishing incompetency should rest upon him. In cases where insanity is a defense, if there is any evidence of sanity, a factual issue is presented despite testimony of psychiatrists to the contrary. *Wiseman v. Commonwealth*, Ky., 587 S.W.2d 235 (1979); *Hayes v. Commonwealth*, Ky., 625 S.W.2d 583 (1982).

■ While the medical testimony in this case would certainly support a finding of incompetency to stand trial, the totality of the evidence did not require such a finding. The fact that one psychiatrist found appellant, though mildly retarded, competent to stand trial at an earlier examination, but exhibited a deteriorated mental condition at a later examination when there was no apparent reason for the deterioration, gives rise to a legitimate question of whether appellant, realizing the seriousness of the charges against him, deliberately sought to appear more retarded than he actually was. This was a possible explanation advanced by one psychologist who examined him.

The testimony of the corrections official that appellant was able to effectively defend himself in disciplinary proceedings with an understanding of the procedures at

least as good as the average prisoner, the transcript of appellant's statements to police officers which showed his ability to understand questions and to answer coherently, and the observations of the trial judges of the conduct of the appellant and his ability to cooperate with his attorneys, all tend to support the finding that appellant was competent to stand trial. There was no error in so ruling.

A question was raised at sentencing as to the appellant's competency to be sentenced. It was contended that new evidence as to his incompetency had been discovered subsequent to the hearing on his competency to stand trial. The new evidence was a report from a Dr. Johnson written for a competency hearing on another case, but based upon an examination performed well after the other evaluations of appellant by medical experts. On the basis of this report, appellant demanded that a further hearing be held regarding his competency to be sentenced.

■ Dr. Johnson's report was much the same as that of the other medical experts who had previously examined appellant. Dr. Johnson reported that appellant was mildly retarded, with an I.Q. between 50 and 70 and he, in effect, agreed with the previous testimony of medical experts that appellant had a poor understanding of the judicial process and poor communication skills to assist his attorney. The report of Dr. Johnson was merely cumulative. It did not indicate that any deterioration in appellant's mental condition had occurred between the time that appellant was found competent to stand trial and the time of sentencing. There is no right to a continual succession of competency hearings in the absence of some new factor. *Pate v. Commonwealth,* Ky., 769 S.W.2d 46 (1989). RCr 8.06 does not place on the trial judge a duty to hold hearing after hearing in the absence of some appearance of change in the defendant's condition since the ruling on competency. *Pate, supra; Harston v. Commonwealth,* Ky., 638 S.W.2d 700 (1982).

Because there was no demonstrated change in appellant's condition between the time he was determined to be competent to stand trial and the time of sentencing, we find no error in the determination that he was competent to be sentenced.

■ Appellant contends that he was entitled to a directed verdict of not guilty. There is no merit in this contention. The appellant's admissions and statements made to the police and the testimony of a female witness to the murder and robbery provided ample evidence upon which to submit the issue of appellant's guilt to the jury. Appellant sought to suppress the statement he gave to police officers on the ground that it was not knowingly and voluntarily given because his mental condition was such that he could not understand the *Miranda* warnings given to him. Based upon all of the evidence of record relating to appellant's mental condition, we hold the trial court did not err by failing to suppress appellant's statement.

### APPEAL NO. 87–SC–682–MR

In this case, the appellant entered a conditional plea of guilty to murder, two counts of first-degree robbery, and receiving stolen property valued at more than $100.00. The murder and robbery were committed within days of the incident which resulted in appellant's conviction considered hereinabove. His guilty pleas were conditioned upon his right to appeal from a determination by the trial court that he was competent to enter a plea of guilty. The competency hearings in this case were held in conjunction with the competency hearings in appeal No. 87–SC–408–TRG discussed above. The testimony in each case is substantially the same, and the decision we reached in appeal No. 87–SC–408–TRG is dispositive here.

The judgments appealed from in appeal No. 87–SC–408–TRG and appeal NO. 87–SC–682–MR are each affirmed.

All concur.