**Ronald Clay PATE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–SC–68–MR.**

Supreme Court of Kentucky.

May 4, 1989.

Rodney McDaniel, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment which convicted Pate of first-degree sodomy and three counts of first-degree sexual abuse. He was sentenced to a total of 20 years in prison.

The principal issue is whether it was error for the trial judge to refuse to hold a second competency hearing prior to Pate's sentencing.

A competency hearing was held October 19, 1987, and the trial judge determined that Pate was competent to stand trial which was held without a jury on January 12, 1988. On January 13, the prosecutor filed a motion to have Pate examined before final sentencing to determine if he was competent. The trial judge stated that he had already found the defendant competent to stand trial and that unless there was some proof to the contrary, he was competent for sentencing. The sentence and final judgment were entered January 13. This appeal followed.

The trial judge properly refused to hold a second competency hearing prior to sentencing.

A hearing for the purpose of determining mental capacity is required only when there are reasonable grounds to believe that the defendant is not mentally competent. The reasonable grounds for such belief must be called to the attention of the trial judge by the defendant or must be so obvious that the trial judge cannot fail to be aware of them. *Matthews v. Commonwealth*, Ky., 468 S.W.2d 313 (1971).

There is no right to a continual succession of competency hearings in the absence of some new factor. RCr 8.06 does not place on the trial judge a duty to hold hearing after hearing in the absence of some appearance of change in the defendant's condition since the ruling on competency. *Harston v. Commonwealth*, Ky., 638 S.W.2d 700 (1982).

Pate's argument that there is additional evidence as to his competency which required the trial judge to conduct a second competency hearing is unconvincing. The testimony of the psychiatrist that Pate suffered from schizophrenia and was mildly retarded and defense counsel's statement that she could not communicate with the defendant as well as Pate's testimony that he did not remember confessing to the crimes was not sufficient to require the trial judge to hold a second competency hearing prior to sentencing.

Pate has not demonstrated a new factor or the appearance of change in his condition which would require the trial judge to hold a second competency hearing either during trial or before sentencing. The trial judge had an ample opportunity to observe the defendant during the competency hearing and during the trial. A review of the record indicates that Pate's behavior remained the same throughout the proceedings. The question is competency to stand

trial. Dr. Nasser, who testified at trial, was unable to find Pate legally insane although he suffered from mental illness. Dr. Schremly, who testified at a competency hearing, said Pate was competent for trial. A careful review of the testimony by the psychologists and the circumstances of the case show they were not sufficient to require the trial judge to hold a competency hearing pursuant to RCr 8.06 during the trial or prior to sentencing.

The standard for legal competency for sentencing is set out in *Moody v. Commonwealth*, Ky.App., 698 S.W.2d 530 (1985), to be "that a convicted defendant who, due to his or her mental condition is unable to appreciate the nature and consequences of his or her sentencing proceeding may not be sentenced until such time as he or she is competent to do so." *Id.* at 532. There was no evidence produced by Pate during the proceeding, subsequent to the initial determination of competency to stand trial, which demonstrated that he was unable to appreciate the nature and consequences of his sentencing proceeding and to participate rationally in the proceedings. Absent such a showing, the fact that a defendant is mentally ill, as distinguished from incompetent, at the time of the offense or at the time of sentencing does not require a competency hearing be held before sentencing.

The determination by the trial court that Pate was competent was based on substantial evidence. There was no appearance of change in the defendant's condition or behavior at trial which would require the trial judge to hold an additional competency hearing. The trial and sentencing were conducted within a two-day span. The trial judge did not commit reversible error in refusing to hold a second competency hearing prior to sentencing.

The other issue raised on appeal as to whether Pate voluntarily, knowingly and intelligently waived his right to a jury trial was not properly preserved for appellate review. RCr 9.22.

The judgment of conviction is affirmed.

All concur, except COMBS, J., who dissents by separate opinion.

COMBS, Justice, dissenting.

I respectfully dissent. Appellant has been convicted of heinous offenses but this does not deprive him of equal protection of the laws. He has an IQ of 70, and has been characterized as mildly retarded. Two psychiatrists have examined him and filed reports. Though they found him competent to stand trial they placed his intelligence in the borderline category, and felt that he was approaching schizophrenia.

Dr. Schremly reported that though he was "probably competent to stand trial at this time ... it is this examiner's judgment that at best this would be a marginal ability and testing for competency to stand trial *is not intended to be predictive* in nature nor is there attached a temporal stability, that is, the patient could change for better or worse in a short period of time."

Appellant's counsel informed the court that she had been unable to communicate with him throughout the proceedings and she did not believe that he knew what was going on. Even the Commonwealth Attorney did not believe appellant competent to be sentenced and requested another evaluation, which was denied.

It appears that the sentencing procedure was quite brief, consuming only forty seconds. Even during this brief period the court had difficulty communicating with appellant, but nevertheless accepted his waiver of jury trial. The waiver was not in writing, was not approved by the court, and did not have the consent of the Commonwealth, as is required by RCr 9.26(1).

The majority has characterized the failure to conduct another competency proceeding as the principle issue. I disagree. RCr 9.26(1) is purely a practice and procedural rule of this Court. The people of this Commonwealth on January 1, 1976 by its judicial amendment, and specifically § 116, gave this Court the power to enact that rule. That being the case, it is binding upon all of us. We cannot ignore the laws and expect the public to obey them. This is especially true of the law enacted by this Court.

The Commonwealth argues that the defendant clearly waived his right to jury trial. In view of the circumstances I seriously doubt their assertion, but be that as it may, the rules specifically require that the waiver be in writing and concurred in by all three parties—the accused, the court and the Commonwealth. None of these features are present here.

Furthermore, under the circumstances and particularly in view of the request of the Commonwealth Attorney, I think the court erred in failing to conduct another competency hearing prior to trial.

For these reasons, I would reverse and remand for a new trial.