# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: OCTOBER 23, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0113-MR

THOMAS R. MOORE                                               APPELLANT

<br>

|  | ON APPEAL FROM TODD CIRCUIT COURT |  |
|---|---|---|
| V. | HONORABLE JOE W. HENDRICKS, JR., JUDGE | |
| | NO. 18-CR-00011 | |

<br>

COMMONWEALTH OF KENTUCKY                              APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING IN PART, REVERSING IN PART AND REMANDING</u>**

In 2018, Thomas R. Moore pled guilty to fourth-degree driving under the influence (DUI) of drugs,[1] second-degree driving on a DUI-suspended license while under the influence,[2] and of being a second-degree persistent felony offender (PFO-2). This Court vacated the circuit court's original sentence and remanded "to resentence Moore on the two Class D felonies, pursuant to KRS 532.110 and KRS 532.080." *Commonwealth v. Moore*, 664 S.W.3d 582, 591 (Ky. 2023). Upon remand, the circuit court resentenced Moore to 20 years; Moore now appeals his sentence as a matter of right. KY. CONST. § 110(2)(b).

---

[1] This was a Class D felony offense as it was Moore's fourth offense or greater within ten years; Kentucky Revised Statute (KRS) 189A.010(1), (5)(d).

[2] This was a Class D felony offense because 1) Moore violated KRS 189A.010(1)(c) while driving on a DUI-suspended license *and* 2) it was Moore's second offense or greater within ten years; KRS 189A.090(1), (2)(b).

This Court must address: (1) whether Moore was competent for resentencing as mandated by KRS 504.090 and defined by KRS 504.060(5); and, if so, (2) whether the circuit court erred by resentencing Moore to 20 years imprisonment. After a thorough review, we vacate Moore's twenty-year sentence and remand for resentencing by the circuit court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2018, Moore was indicted for various traffic offenses, including fourth-degree DUI, second-degree driving on a DUI-suspended license while under the influence, and a PFO-1.[3] Moore reportedly made "off-the-wall" comments during his arrest.[4] On April 11, 2018, Moore's lawyer expressed concern[5] and moved the circuit court to have Moore evaluated as to his competency to stand trial at the Kentucky Correctional Psychiatric Center (KCPC) under KRS 504.080(1). The circuit court granted this motion. On May 24, 2018, Dr. Susan Brittain-Seitz of KCPC evaluated Moore and prepared a report regarding Moore's competency.

On June 27, 2018, Dr. Brittain-Seitz testified at Moore's competency hearing that Moore was an in-patient at KCPC from May 7, 2018, until May 25, 2018. She concluded Moore was competent based on his capacity to

---

[3] *See* KRS 532.080(3), (6)-(7), (10)(b).

[4] The arrest citation noted that "[Moore] continued to speek [sic] of off the wall items, thing [sic], and places" but provided no examples or observations.

[5] Moore's lawyer did not detail what precisely prompted his want of a competency evaluation, only saying that he would not be "doing his job" after affirming that he had "seen something or heard something that cause[d]" alarm.

2

understand the criminality of his conduct and opined that he may have feigned psychiatric symptoms at times (*i.e.*, endorsing unusual sensory things, magical thinking, and delusional beliefs).

Subsequently, the Commonwealth offered Moore a plea deal which "recommended that [he] receive a prison sentence of three years enhanced to ten years due to [his PFO-2 status] and that [both] ten-year sentences [would] run consecutively."[6] *Moore*, 664 S.W.3d at 585. Moore pled guilty the same day, which probated his twenty-year prison sentence for five years. Nine days later, the Commonwealth revoked Moore's probation.[7] The circuit court amended its final judgment, which not only imposed a twenty-year sentence for the two Class D felonies but also mistakenly imposed twenty years for the PFO-2 charge itself, directing "all sentences run concurrently for a total of twenty years." *Id.*

Moore, *pro se*, moved to vacate his twenty-year sentence, arguing that his PFO-2 charge was wrongly treated as an independent conviction instead of an enhancement.[8] The circuit court denied Moore's motion, but the Court of Appeals reversed and remanded holding the twenty-year sentence for the PFO-

---

[6] The Commonwealth's plea agreement amended Moore's PFO enhancement classification down from first-degree to second-degree, KRS 532.080(2), (5); dismissed Moore's drug possession and paraphernalia charges; and fined Moore for the other convictions. *See Moore*, 664 S.W.3d at 585.

[7] Moore's probation was revoked for failure to report to his probation officer; Moore subsequently failed to attend his August 1, 2018, revocation hearing.

[8] Moore argued under both Kentucky Rule of Criminal Procedure (RCr) 10.26 and its identical counterpart Kentucky Rule of Civil Procedure (CR) 61.02. *See Nami Res. Co., LLC v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323, 338 (Ky. 2018) (noting the resemblances between the two statutes).

2 charge to be palpable error. *Moore v. Commonwealth*, No. 2019-CA-1549-MR, 2021 WL 3686070 at *2 (Ky. App. Aug. 21, 2021). That court additionally found Moore's probation revocation to be error because the circuit court failed to transcribe its findings to support revocation. *Id.* at *3; *see* KRS 439.3106. This Court upheld Moore's probation revocation and addressed the "sentencing issue" by vacating the circuit court's twenty-year sentence for the PFO-2 enhancement and remanding "for Moore's resentencing" of the two Class D felonies. *Moore*, 664 S.W.3d at 590-91.

On March 20, 2023, Moore appeared with defense counsel at resentencing and made odd and religious-focused statements, including references to a misplaced shaman cross, genital ocular function, and a sex change transformation he endured at the age of six. Concerned, the circuit court ordered Moore to undergo another competency evaluation at KCPC. KRS 504.070(3); KRS 504.080(1). On May 22, 2023, Dr. Steven Sparks of KCPC evaluated Moore and prepared a second report regarding Moore's competency.

On July 19, 2023, Dr. Sparks testified at Moore's second competency hearing that Moore was very cooperative yet exhibited religious delusional thinking and made odd statements during the evaluation, including Moore claiming both to be "related to the Bible" and to be "cured of everything" because he "was built to be a medicine man." Dr. Sparks diagnosed Moore with an unspecified psychotic disorder, which involves a lack of contact with reality. And though Dr. Sparks agreed Moore could understand the nature and consequences of the resentencing proceedings against him, he nonetheless

4

believed Moore was incompetent due to impaired rational decision-making that included his inability to communicate rationally with defense counsel because his religious hyper-fixation would impair his legal strategy regarding sentencing. Dr. Sparks opined that Moore could be restored to competency with in-patient medical treatment. The circuit court, chagrined by Dr. Sparks' report, ordered Moore to be re-evaluated for competency determination at KCPC. On January 9, 2024, Dr. Martine Turns of KCPC evaluated Moore and prepared a third report regarding Moore's competency.

On February 2, 2024, Dr. Turns testified at Moore's third competency hearing that Moore was very cooperative, did not exhibit any signs of psychosis during the evaluation, and expressed alacrity in completing the evaluation. Dr. Turns both acknowledged that KCPC forcibly administered a daily anti-psychotic medicine (20mg of Abilify) to treat Moore's delusional thinking from November 30, 2023, until January 9, 2024, and indicated that Moore's competency was contingent on his ongoing medication compliance. Dr. Turns later acknowledged both that Moore historically refused his medications and that the county jail could not forcibly administer his medications like KCPC. Dr. Turns, unlike Dr. Sparks, firmly concluded that because Moore had achieved optimal response to medical treatment, he could appreciate the nature and consequences of the resentencing proceedings against him and was competent to be resentenced. Dr. Turns testified that Moore (1) exhibited no signs of delusional thinking; (2) expressed positivity and hope for a favorable trial outcome; (3) could give specific details of his 2018 arrest and place them

5

along an accurate timeline (Dr. Turns stressed this was *abnormal* for someone in Moore's position); (4) displayed adequate behavior (Dr. Turns commented Moore was very polite during the evaluation) and vocabulary; (5) understood his rights as they pertained to resentencing; and (6) even expressed positivity about his attorney and his attorney's performance. Most notably, Dr. Turns opined that Moore had the capacity to relate to his attorney and could participate rationally in his defense.

Moore timely objected and argued he could not be found competent until the Commonwealth proved that he remained compliant with his medication at the county jail. Moore further argued that he should be able to make a statement at his resentencing and could not do so if he is incompetent. Nevertheless, the circuit court proceeded to resentence Moore to twenty years imprisonment, in accordance with his 2018 plea agreement with the Commonwealth. KRS 504.110(4). Moore argued his twenty-year sentence was illegal because this Court set the max sentence at ten years. The Commonwealth clarified by stating that this Court specifically vacated the "illegal twenty-year sentence for the [PFO-2] charge" and remanded for Moore's resentencing on the underlying two Class D felonies. *Moore*, 664 S.W.3d at 591. Moore now appeals the circuit court's amended final judgment.

6

## II. ANALYSIS

### A. The Todd Circuit Court correctly determined Moore was competent for resentencing.

KRS 504.090 prohibits sentencing incompetent defendants "*so long as the incompetency continues.*" (Emphasis added). KRS 504.060(5) defines "incompetency" as a mental condition which "lack[s] capacity to appreciate the nature and consequences of the proceedings against one or to participate rationally in one's own defense." *Moody v. Commonwealth*, 698 S.W.2d 530, 532 (Ky. 1985).

Moore argues the circuit court erred because it resentenced him when he was incompetent. Specifically, Moore argues Kentucky law requires he be able to participate rationally in his own defense. *Commonwealth v. Griffin*, 622 S.W.2d 214, 216 (Ky. 1981). Moore argues his participation was necessary in February 2024 to be resentenced and the Commonwealth failed to prove he remained compliant with his medication once discharged from KCPC. Moreover, the circuit court primarily relied upon Dr. Turns' report to determine Moore's competency, which contradicted Dr. Sparks' earlier report. Thus, he argues the circuit court could not have resentenced him under KRS 504.090.

The Commonwealth responds that the circuit court could resentence Moore because, while Dr. Sparks found him incompetent in July 2023, Dr. Turns found him competent and testified to such findings on February 2, 2024, the day resentencing occurred. And though defendants may participate rationally in their own defense, the Commonwealth argues that this Court should eschew entertaining such participation at a resentencing. The

7

Commonwealth further argues that although the circuit court was chagrined at Dr. Sparks' conclusion that Moore was incompetent in July 2023, it nonetheless ordered Moore to be re-evaluated for further competency determination at KCPC. And Dr. Turns concluded in February 2024 that Moore was competent and could appreciate the nature and consequences of the resentencing proceedings against him.

Moore's objections at the circuit court properly preserved this issue for our review. "A competency determination is based on the preponderance of the evidence standard." *Keeling v. Commonwealth*, 381 S.W.3d 248, 262 (Ky. 2012) (citing *Chapman v. Commonwealth*, 265 S.W.3d 156, 174 (Ky. 2007)); *see Alley*, 160 S.W.3d at 739; *Dunlap v. Commonwealth*, 435 S.W.3d 537, 554-57 (Ky. 2013). "[A trial] court's determination of competency is a factual finding." *United States v. Branham*, 97 F.3d 835, 855 (6th Cir. 1996); *see also Bishop v. Caudill*, 118 S.W.3d 159, 161 (Ky. 2003) (discussing the trial court's discretion to determine competency). "We may disturb a trial court's competency determination only if the . . . decision is clearly erroneous (*i.e.*, not supported by substantial evidence)." *Keeling*, 381 S.W.3d at 262. The test for competency is whether Moore had "substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense." *Alley*, 160 S.W.3d at 739; *Dusky v. United States*, 362 U.S. 402 (1960). Notably, "[c]ompetency to stand trial . . . pertains to the defendant's mental state *at the time of trial*." *Bishop*, 118 S.W.3d at 162 (emphasis added).

8

Here, Dr. Turns' testimony provided substantial evidence that Moore had been restored to competency and had substantial capacity to appreciate the nature and consequences of the resentencing proceedings against him. *See Alley,* 160 S.W.3d at 739 ("[t]he record indicates there is substantial evidence to support the finding . . . as to competency"); *Moody,* 698 S.W.2d at 532-33 (holding the trial court can proceed with sentencing "[o]nce the issue of whether the defendant is competent *on the date of sentencing* is resolved") (emphasis added). Moreover, nothing at the February 2024 competency hearing indicated that Moore became non-compliant with his medication once discharged from KCPC. Furthermore, Moore's demeanor in February 2024 heavily contrasted with his demeanor in March 2023: Moore never interrupted with delusional thoughts, was respectful and engaged during the entire proceeding, and even appeared to be reading along as Dr. Turns testified to her report. In other words, Moore made no showing to the circuit judge that he was incompetent. *Pate v. Commonwealth,* 769 S.W.2d 46, 47 (Ky. 1989); *Branham,* 97 F.3d at 855; *see also Alley,* 160 S.W.3d at 739 (internal citations omitted) ("[t]he burden is on the defense to prove a defendant incompetent").

Moore also argues that his rational participation at resentencing was necessary. Yet, as the circuit court correctly observed, his resentencing in February 2024 was simply a technical correction and, while Moore could speak at his resentencing, it did not view his participation as *necessary.* We agree as the issue of a defendant's competency is not singularly restricted to one's rational participation. KRS 504.060(5).

9

Lastly, Moore argues that Dr. Turns' February 2024 report contradicts Dr. Sparks' earlier July 2023 report. Albeit true, it is immaterial to our analysis. *Keeling*, 381 S.W.3d at 261-64 (discussing two temporally separate competency reports and the circuit court's determination that the defendant was competent despite his psychosis). Thus, the circuit court correctly determined Moore was competent on February 2, 2024, the date he was resentenced. *Bishop*, 118 S.W.3d at 162. We must now determine whether the circuit court could proceed with resentencing under KRS 504.110(4).

## B. The Todd Circuit Court abused its discretion when it resentenced Moore to twenty years imprisonment.

Next, Moore, relying on this Court's language in *Moore*,[9] argues he was resentenced to an illegal twenty-year sentence. 664 S.W.3d at 591. Moore further argues that the amended original final judgment showed the sentences for his convictions were to run concurrently. *Id.* at 585; *see Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky. 2011) (reiterating that a court's written judgment or order is superior to oral assertions). The Commonwealth responds that this Court simply vacated the illegal twenty-year sentence because it was improperly attached to the PFO-2 enhancement. *Moore*, 664 S.W.3d at 591. Moreover, this Court directed the circuit court to resentence Moore. *Id.* The Commonwealth maintains that Moore's PFO-2 status permits

---

[9] The relevant language vacated the "illegal twenty-year sentence for the [PFO-2] charge," but "it [remained] unclear from the record on appeal what sentence was imposed . . . for the two [Class] D felonies," so "the circuit court [wa]s directed to resentence Moore on the two [Class] D felonies."

10

him to be resentenced to twenty years imprisonment for the two underlying Class D felonies.

Moore's objection at resentencing properly preserved this issue for our review. Even absent an objection, a reviewing court is not bound to affirm illegal sentences. *Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014); *Phon v. Commonwealth*, 545 S.W.3d 284, 306 (Ky. 2018). KRS 532.110(1) grants the trial court discretion "[w]hen multiple sentences . . . are imposed on a defendant for more than one [] crime" to determine whether the "sentences shall run concurrently or consecutively." We therefore review for abuse of discretion. A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

"Generally, plea agreements in criminal cases are contracts between the accused and the Commonwealth . . . interpreted according to ordinary contract principles." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010). However, illegal sentences "[are] inherently an abuse of discretion" and must be remanded for resentencing. *Id.*; *see also Phon*, 545 S.W.3d at 304 (narrowly holding "a sentence imposed beyond [statutory] limitations . . . is unlawful and void"). And though written orders are superior to oral assertions, RCr 10.10 "allows a trial court . . . to correct clerical errors." *Machniak*, 351 S.W.3d at 652. Clerical errors are "all errors, mistakes, or omissions which are not the result of the exercise of the judicial function." *Id.*

Here, Moore pled guilty to two Class D felonies,[10] each with a three-year sentence that, because of his PFO-2 status, was enhanced to ten years to be served consecutively. Moore's original sentence was illegal *because it erroneously attached the twenty-year sentence to the PFO-2 enhancement,* which is prohibited. Moore's current sentence, however, *remains illegal* as the sentence imposed by the circuit court on remand goes "beyond [statutory] limitations" and is "unsupported by sound legal principles." *Phon,* 545 S.W.3d at 304; *English,* 993 S.W.2d at 945.

We are guided by our recent opinion, *Commonwealth v. Strunk,*[11] wherein the defendant, Strunk, argued that his thirty-year prison sentence was illegal because it violated KRS 532.110(1)(c). ___S.W.3d ___, 2025 WL 2388141 at *1, *3 (Ky. August 14, 2025). Strunk pled guilty to two counts of second-degree robbery, "a [Class] C felony that, unenhanced, carrie[d] a possible sentence of five to ten years." *Id.* at *3. Strunk's PFO-2 status enhanced his "potential sentence [to a maximum] of 10 to 20 years." *Id.* (citing KRS 532.080(5); KRS 532.060(2)(b)). The trial court sentenced Strunk to twenty years for one robbery and to ten years for the other robbery to be served consecutively for a total of thirty years. *Id.* at *1. This Court found that "the trial court erred in [its] determination" that Strunk could be sentenced outside the statutory maximum of twenty years. *Id.* at *3-*4 ("when the two crimes were sentenced

---

[10] *See* KRS 189A.010(5)(d); KRS 189A.090(2)(b).

[11] Note: This case has yet to receive a WL published citation, so the unpublished citation is provided for now.

12

together, KRS 532.110(1)(c) was in force and the statutory cap applied"); *see Goldsmith v. Commonwealth*, 363 S.W.3d 330, 334 (Ky. 2012) ("the aggregate of the indeterminate terms may 'not exceed in maximum length *the longest extended term which would be authorized by KRS 532.080 for the highest class of crime which any of the sentences is imposed'*") (citing KRS 532.110(1)(c)) (emphasis added); *Blackburn v. Commonwealth*, 394 S.W.3d 395, 400 (Ky. 2011) ("we do not believe that KRS 533.060(2) modifies the maximum aggregate duration allowed by KRS 532.110(1)"); *Cummings v. Commonwealth*, 226 S.W.3d 62, 68 (Ky. 2007) (remanding "for imposition of sentence not to exceed the . . . maximum imposed by operation of law"); *Phon*, 545 S.W.3d at 310 (remanding for imposition of "the lawful sentence of [life without parole for twenty-five years]").

Accordingly, the circuit court abused its discretion when it resentenced Moore to twenty years imprisonment for two Class D felonies, notwithstanding this Court's previous order directing Moore be resentenced "*pursuant to* KRS 532.110 and KRS 532.080." *Moore*, 664 S.W.3d at 591 (emphasis added). Moore pled guilty to two Class D felonies, which both carried indeterminate sentences ranging between one and five years. KRS 532.060(2)(d). However, his PFO-2 status elevated his two Class D felonies to Class C felonies. KRS 532.080(5). "Because the maximum length authorized by KRS 532.080 for an enhanced Class [D] felony is [ten] years, the aggregate of [Moore's] consecutive sentences . . . could not exceed that amount." *Blackburn*, 394 S.W.3d at 401 (citing KRS 532.110(1)(c)); KRS 532.060(2)(c). Because "the illegality of

13

[Moore's] sentence stems from its [excessive length], resentencing should be limited to the imposition of the highest possible legal sentence, pursuant to *Phon*"; in other words, no more than ten years imprisonment. *Strunk*, 2025 WL 2388141 at *8; KRS 532.110(1)(c)(1); KRS 532.080(5); KRS 532.060(2)(c).

As such, our foregoing determination precludes the need to address Moore's secondary argument that the amended original final judgment showed the sentences were to be served concurrently, even though the circuit court stated they were to run consecutively.

### III. CONCLUSION

Based on the foregoing, we affirm in part and reverse in part the Todd Circuit Court's decision. We further vacate the imposed twenty-year sentence at Moore's February 2024 resentencing and remand for resentencing by the Todd Circuit Court in accordance with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kayla Danielle Deatherage
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Melissa Ann Pile
Assistant Attorney General