# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 19, 2009
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2007-SC-000225-MR

CLIFTON EUGENE HOLMAN                            APPELLANT

V.               ON APPEAL FROM BOURBON CIRCUIT COURT
HONORABLE ROBERT G. JOHNSON, JUDGE
NO. 06-CR-00024

COMMONWEALTH OF KENTUCKY                APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

On Christmas morning in 2005, Lieutenant Tony Asbury of the Paris Police Department received a dispatch for a domestic violence complaint. Asbury proceeded to the residence, arriving approximately two minutes later. Upon approaching the residence, Asbury heard yelling and screaming from inside. He knocked on the door and kicked it open after no one answered. As Asbury entered the residence, he saw Appellant, Clifton Holman, leaning over a couch hitting a woman. The woman lying on the couch was Devon Owens, Appellant's former girlfriend. Asbury pulled Appellant away and attempted to alert the dispatcher on his radio. Appellant knocked the radio away, got on top of Asbury, and began hitting him. Fearing for his life, Asbury was able to reach for his gun and shoot Appellant in the abdomen.

Based on these events, Appellant was arrested and indicted for Burglary in the First Degree, Assault in the Third Degree (against Lieutenant Asbury),

Assault in the Fourth Degree (against Devon Owens), Resisting Arrest, and for being a Persistent Felony Offender in the First Degree. During the sentencing phase, two prior felonies were introduced and Appellant was sentenced to ten years for the burglary, five years for the third-degree assault, and twelve months and a $500.00 fine for the fourth-degree assault. After the sentencing phase, a separate hearing was held to determine whether Appellant was a persistent felony offender in the first degree. The two hearings were held consecutively. He was found to be a persistent felony offender and his sentences were elevated as follows: the burglary sentence was enhanced to fifteen years and the third-degree assault sentence was enhanced to ten years. The sentences were ordered to run consecutively for a total of twenty-five years imprisonment.

Appellant argues that it was a violation of KRS Chapter 532 for the jury to consider his prior felony convictions at two separate hearings. The felonies were considered at the first hearing (the truth in sentencing or "TIS" hearing) for the jury to fix Appellant's sentences. The felonies were also considered at the second hearing (the "PFO" hearing) to determine whether Appellant should receive enhanced sentences under the persistent felony offender statute. Appellant also argues that misdemeanor charges were introduced during the penalty phase which did not occur until after the commission of the crimes herein. Moreover, Appellant argues that the misdemeanor charges were the only convictions introduced during the penalty phase of the trial. These issues were not preserved for review. However, as we have previously stated: "[S]entencing issues may be raised for the first time on appeal . . . ."

2

<u>Cummings v. Commonwealth</u>, 226 S.W.3d 62, 66 (Ky. 2007). Indeed, sentencing is jurisdictional and it cannot be waived by a defendant's failure to object at trial. <u>Wellman v. Commonwealth</u>, 694 S.W.2d 696, 698 (Ky. 1985).

First, we address Appellant's argument that it was a violation of statutory law for the trial court to hold separate TIS and PFO hearings. KRS 532.055(3) mandates that all TIS hearings be combined with any hearings provided for under KRS 532.080 (the persistent felony offender statute). Further KRS 532.080 mandates that the hearing be conducted in a separate proceeding from the proceeding which resulted in the conviction. KRS 532.055 was enacted so that jurors would not be required to sentence "in a vacuum," without knowing the nature and extent of a defendant's criminal history. <u>Manns v. Commonwealth</u>, 80 S.W.3d 439, 444 (Ky. 2002). Indeed, the statute "established a bifurcated proceeding" so that juries would not be privy to inadmissible information concerning a defendant's criminal record until after the guilt-innocence phase of the trial. <u>Id.</u>

Here, instead of holding a bifurcated trial, the judge essentially held a "trifurcated" trial. After the guilt or innocence phase, the trial judge held a TIS hearing which was immediately followed by a PFO hearing. Although they were not conducted simultaneously, the PFO hearing was held within minutes of the conclusion of the TIS hearing. In <u>Commonwealth v. Reneer</u>, 734 S.W.2d 794 (Ky. 1987), we approved of the combined PFO/TIS format "because the same evidence that is pertinent toward fixing the penalty is also pertinent for consideration in the enhancement of the sentence[.]" <u>Id.</u> at 798. However, in <u>Reneer</u>, we merely held that it was *not unconstitutional* to hold the hearings

3

together. Indeed, the dissenting justices expressed concern about possible prejudice to defendants arising from a combined format. Here, Appellant argues that he was prejudiced by separate TIS and PFO phases. We fail to see how Appellant was prejudiced by this procedure. Indeed, as our courts have previously suggested by stating that combined hearings create "difficulties" and "confusion," it would seem that a criminal defendant would be more likely to suffer prejudice if the phases were *combined.* See Lemon v. Commonwealth, 760 S.W.2d 94-95 (Ky. App. 1988). As such, although it was error to hold the hearings separately, the error was harmless. RCr 9.24

Appellant also argues that he was placed in double jeopardy because the TIS and PFO hearings were separated. We disagree. In fact, the hearings were traditionally held separately before KRS 532.055 was enacted in 1986. The hearings are now combined, but only due to the statutory provisions of KRS 532.055.[1] More importantly, KRS 532.080 mandates that enhanced sentences in the PFO phase are to be imposed *in lieu* of the sentence(s) imposed during the TIS phase. KRS 532.080 reads as follows:

> When a defendant is found to be a persistent felony offender, the jury, **in lieu of** the sentence of imprisonment assessed under KRS 532.060 for the crime of which such person presently stands convicted, shall fix a sentence of imprisonment as authorized by subsection (5) or (6) of this section. (Emphasis added.)

---

[1] As we have previously stated, "The Supreme Court of this Commonwealth has the authority to prescribe rules of practice and procedure in the courts of this Commonwealth. Because K.R.S. 532.055 is a legislative attempt to invade the rule making prerogative of the Supreme Court by legislatively prescribing rules of practice and procedure, it violates the separation of powers doctrine enunciated in Section 28 of the Kentucky Constitution." (Internal citation omitted.) Commonwealth v. Reneer, 734 S.W.2d 794, 796 (Ky. 1987). However, we continue to recognize this statute under the principle of comity. Id. at 798.

4

In the present case, prior felonies were introduced sufficient to show that Appellant was a persistent felony offender. The jury fixed sentences during the PFO phase that were imposed *in lieu of* the sentences fixed during the TIS phase. Appellant seems to misunderstand the distinction between a penalty enhancement under KRS Chapter 218A (the second or subsequent offense statute) and regular "informed" sentencing under KRS 532.060 and KRS 532.055. While we have been careful to note that separate prior qualifying convictions are required to support enhancements under the "second or subsequent offense" and "persistent felony offender" statutes, initial sentencing during the TIS phase is not an "enhancement," but is a criminal defendant's actual sentence. KRS 218A, KRS 532.080, KRS 532.060, and KRS 532.055. There is no double jeopardy where a jury enhances a defendant's regular sentence under the provisions of KRS 532.080. See White v. Commonwealth, 770 S.W.2d 222, 224 (Ky. 1989) (Double jeopardy does not attach in PFO proceedings because conviction as a PFO is not an independent criminal offense, but is a criminal status.); Corbett v. Commonwealth, 717 S.W.2d 831, 834 (Ky. 1986) (The persistent felony offender statute defines a status and not an individual criminal offense, thus there is no double jeopardy question involved.).

Finally, Appellant argues that misdemeanor convictions were improperly introduced during the PFO hearing and that no qualifying felonies were introduced. Although it is true that misdemeanor convictions (which became final after his conviction in the present action) were introduced during this phase, we find such error to be harmless. The jury had three independent

5

felony convictions to choose from and did not need to rely on the improperly admitted misdemeanor convictions. Because the jury was informed they needed to find that Appellant had been convicted of two prior felonies on separate occasions, the inclusion of the misdemeanors with the felony charges was harmless. Moreover, the jury instructions in the PFO phase recited the felonies in question and made clear to the jury that they had to believe that Appellant had committed these felonies in order for his sentences to be enhanced under the PFO statute. Indeed, although the felonies were not "re-introduced" during this phase, it is clear that the only reason they were not "re-introduced" was to avoid redundancy as they had just been introduced in the previous phase. The Commonwealth's Attorney made it clear in front of the judge and jury that he would not discuss the felonies again because he had just discussed them minutes before. He stated as follows: "I think [defense counsel] and I agreed that we won't rehash the felonies at this time, but I'll be allowed to refer to them for proof purposes." Thus, it is clear there was an agreement between defense counsel and the Commonwealth that it was unnecessary to re-introduce the felonies at this time. As such, any error in failing to re-introduce them was harmless. RCr 9.24.

Accordingly, we affirm the decision of the Bourbon Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kathleen Kallaher Schmidt
Linda Roberts Horsman
Department of Public Advocacy
100 Fair Oaks Lane
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Joshua D. Farley
Assistant Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, KY 40601-8204