RENDERED: NOVEMBER 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0825-MR

DENNY C. RUMFELT      APPELLANT

v.      APPEAL FROM MEADE CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 21-CR-00183

COMMONWEALTH OF KENTUCKY      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

ECKERLE, JUDGE: Appellant, Denny C. Rumfelt ("Rumfelt"), seeks reversal of the Meade Circuit Court's Order, entitled "Judgment/Sentence Following Guilty Verdict," entered June 6, 2024, sentencing him to 17 years of imprisonment, a $1,000 fine, and $165 in Court costs. After thorough review and careful consideration, we affirm the Trial Court's Order.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2021, Rumfelt admitted to a family member that he had killed his girlfriend, Meaghan Dunn ("Dunn"), and transported her body to his parents' home. His brother, Ryan Rumfelt, contacted the Meade County Dispatch and advised that his brother had killed Dunn. Police responded and then arrested Rumfelt on charges of murder in the first degree (domestic violence), tampering with physical evidence, and abuse of a corpse. On September 23, 2021, the Meade District Court released Rumfelt on a $100,000 cash bond. On October 18, 2021, a Meade County Grand Jury indicted Rumfelt on all three charges. Upon his indictment, Rumfelt was rearrested and remained at the Meade County Detention Center through sentencing. After a bond hearing on November 1, 2021, the Meade Circuit Court instituted a cash bond of $1 million, which was not posted. At a hearing on May 2, 2022, Rumfelt moved the Trial Court for a reduction in bail, which the Trial Court denied.

At trial ending on March 27, 2024, a Meade Circuit Court jury convicted Rumfelt of the lesser-included offense of manslaughter in the first degree and the charge of abuse of a corpse. The jury found Rumfelt not guilty of the charge of tampering with physical evidence. The jury recommended that Rumfelt serve 15 years' imprisonment for manslaughter and two years'

imprisonment for abuse of a corpse, to be served consecutively for a total of 17 years in the penitentiary.

On June 6, 2024, the Trial Court sentenced Rumfelt according to the recommendation of the jury and imposed Court costs in the amount of $165[1] and a felony fine in the amount of $1,000. Rumfelt's private counsel, who represented him from arraignment through sentencing, asked the Trial Court if it "would consider giving [Rumfelt] credit for the [jail] time that he's been in for the payment of the fine plus costs," to which the Trial Court responded: "No, I won't do that." Record on Appeal ("ROA"), Video Recording ("VR"), 6/6/24 at 9:36:50-9:37:30. The Trial Court, utilizing a form order, checked the box ordering Rumfelt to pay Court costs and did not check the box stating: "Defendant is a poor person as defined by KRS 453.190(2), and is therefore exempt from the imposition of court costs and bond filing fees."[2] The Trial Court also checked the box on the sentencing form indicating that it had considered Rumfelt's ability to pay a fine and ordered him to pay the fine in installments at the rate of $100 per month

---

[1] The amount represents $100 in Court costs for a felony as prescribed by Kentucky Revised Statute ("KRS") 23A.205 and, according to the form order, $65 in bond/filing fees.

[2] ROA, p. 736.

beginning the first day of the month immediately succeeding entry of the judgment and sentencing order.[3]

On July 5, 2024, Rumfelt's private counsel moved for him to proceed *in forma pauperis* on appeal. The Trial Court granted the motion on July 11, 2024.

On August 8, 2024, Rumfelt appeared before the Trial Court without counsel for failure to pay the $100 installment for the Court costs and fine. The Trial Court recognized that Rumfelt had been appointed a public defender on appeal. Based on Rumfelt's statement of his financial circumstances and ongoing incarceration, the Trial Court deferred Rumfelt's payment until three days after his release from the penitentiary.

On appeal, Rumfelt claims that the Trial Court erred by imposing Court costs and a fine without assessing his financial ability to pay under Kentucky Revised Statute ("KRS") 23A.205 (Court costs), KRS 534.030 (felony fines), and KRS 453.190(2) (definition of "poor person"). Rumfelt argues that he properly preserved the alleged sentencing error when he moved for jail credit in lieu of Court costs and a fine on June 6, 2024. Even if not preserved, Rumfelt argues this

---

[3] ROA, p. 737. The form also has an "X" adjacent to a section stating: "The Court has considered Defendant's ability to pay a fine, and has determined that no fine shall be imposed . . . ." However, the Trial Court did not check any of the conditions that would have justified waiving the fine. Therefore, this Court presumes that the checkmark is a scrivener's error.

-4-

Court may correct this unpreserved "sentencing error" on appeal. Appellant Brief, p. 6 (quoting *Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014)).

The Commonwealth contends that the issue was not preserved. The Commonwealth argues that under Kentucky Rule of Criminal Procedure ("RCr") 9.22, Rumfelt's request for jail credit lacked the specificity necessary for the Trial Court to make a ruling on his indigency and status as a "poor person." KRS 534.030 and 453.190(2), respectively.

## STANDARD OF REVIEW

This appeal alleges an error in sentencing. "[S]ince sentencing is jurisdictional it cannot be waived by failure to object." *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985). After *Wellman*, "a substantial body of Kentucky law has developed following the principle that appellate review of a sentencing issue is not waived by the failure to object at the trial court level." *Jones v. Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011). "Thus, sentencing issues may be raised for the first time on appeal[,] and Appellant is proceeding properly before this Court." *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007). Further, "a 'sentencing issue' constitutes 'a claim that a sentencing decision is contrary to statute . . . or was made without fully considering what sentencing options were allowed by statute[.]'" *Jones*, 382 S.W.3d at 27 (citing *Grigsby v.*

*Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010)); *see also Spicer*, 442 S.W.3d at 35.

As this Court very recently opined, sentencing errors "necessitate a review *de novo*." *Dixon v. Commonwealth*, 718 S.W.3d 408, 412 (Ky. App. 2025). Fines are part of the punishment imposed by Courts, and they are thus part of the sentence in a criminal case. *Id.* at 412. Similarly, Court costs also constitute the imposition of a criminal sentence. *See Peterson v. Commonwealth*, 708 S.W.3d 435 (Ky. App. 2025). Therefore, we review Rumfelt's claims of error under a *de novo* standard of review.

ANALYSIS

KRS 23A.205 mandates Court costs in criminal cases before a Circuit Court. Put differently, the legislature passed a law that requires Courts to impose costs, and Trial Courts do not have the discretion to waive them at will for persons who have the ability – if not the desire – to pay them. Kentucky jurisprudence is clear that "[t]he assessment of court costs in a judgment fixing sentencing is illegal *only* if it orders a person adjudged to be 'poor' to pay costs." *Spicer*, 442 S.W.3d at 35 (emphasis supplied); *see also Peterson*, 708 S.W.3d at 445-46. Likewise, KRS 534.030 provides a minimum fine of $1,000 upon the conviction of any felony, and as this Court most recently opined, to qualify for the exemption from an otherwise mandatory fine under KRS 534.030(4), a Trial Court must find a

-6-

defendant "indigent." *Dixon*, 718 S.W.3d at 417. To qualify as a "poor" or "indigent" person, the "onus is 'on the part of a defendant to raise and show poverty status.'" *Chadwell v. Commonwealth*, 627 S.W.3d 899, 902 (Ky. 2021) (citing *Hall v. Commonwealth*, 551 S.W.3d 7, 23 (Ky. 2018)).

Just as in *Dixon* and *Peterson*, defendants before him, Rumfelt did not raise the issue of indigency before the Trial Court. Likewise, Rumfelt did not request a public defender until he sought to appeal before a different tribunal. Also, like *Dixon*, Rumfelt was represented by private attorneys at his arraignment, trial, and sentencing, and he made no showing that he was entitled to avoid the required payments. Rumfelt also did not request the Trial Court to determine that he was a "poor person" under KRS 453.190(2) and, therefore, exempt from Court costs.

We acknowledge that at sentencing Rumfelt did ask the Trial Court to consider his ability to pay a fine due to his inability to work due to his continued incarceration since October of 2021.[4] The Trial Court considered that information and ordered Rumfelt to pay the fine and costs at a rate of $100 per month beginning 30 days after sentencing. Further, as reflected in the record and conceded by Rumfelt, he appeared before the Trial Court at a show cause hearing

---

[4] Rumfelt was released on a $100,000 bond between his arraignment before the Meade District Court and his indictment and rearrest on October 18, 2021. Thus, it is clear that he had access to considerable finances.

-7-

after he failed to pay the monthly installment and after he was appointed a public defender. At the show cause hearing, the Trial Court recognized that he had been appointed a public defender as well as the circumstances of his incarceration and allowed Rumfelt additional time for payment of the $1,165 in fines and costs until after his release from the penitentiary.

Despite this history, there is no record that Rumfelt ever requested the Trial Court to waive the imposition of costs by finding him a "poor person" under KRS 453.190(2) or exempt him from paying fines as an "indigent" person under KRS 534.030(4). Just as in *Dixon* and *Peterson*, the Trial Court did not make its own inquiry on whether Rumfelt qualified as an "indigent" or a "poor person." *Dixon*, 718 S.W.3d at 417; *Peterson*, 708 S.W.3d at 446. We also note that while the Trial Court did recognize that Rumfelt was appointed a public defender on appeal, he "is not deemed a poor person exempt from paying court costs merely because he was adjudged a needy person eligible for appointment of a public defender." *Peterson*, 708 S.W.3d at 446.

As Rumfelt did not raise the issue of his status as a "poor person," the Court of Appeals cannot conclude that a sentencing error has occurred as to costs. Regarding fines, at sentencing and then again at his show cause hearing, the Trial Court did take into consideration Rumfelt's ability to pay and established an incremental payment plan, subsequently, deferring all payment until after his

incarceration. But Rumfelt's status as "indigent" for the purpose of waiving the fine was neither pled by Rumfelt nor considered by the Trial Court. Rumfelt had several opportunities to raise and litigate these issues at the Trial Court level. He chose not to do so, and he should not then be heard by a different tribunal on appeal. Therefore, as in *Dixon*, this Court cannot conclude that a sentencing error has occurred. 718 S.W.3d at 416-18.

## CONCLUSION

For all these reasons, we decline to disturb the Trial Court's Order. The Meade Circuit Court's Judgment/Sentence Following Guilty Verdict is hereby affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Sarah D. Dailey<br>Assistant Public Advocate<br>Frankfort, Kentucky | Russell Coleman<br>Attorney General of Kentucky<br><br>Courtney J. Hightower<br>Assistant Attorney General<br>Frankfort, Kentucky |