RENDERED:  FEBRUARY 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0070-MR

JIMMY THACKER, JR.                                                APPELLANT

v.
APPEAL FROM FLOYD CIRCUIT COURT
HONORABLE JOHNNY RAY HARRIS, JUDGE
ACTION NO. 10-CR-00114

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, ECKERLE, AND KAREM, JUDGES.

ECKERLE, JUDGE:  Appellant, Jimmy Thacker, Jr. ("Thacker"), *pro se*, appeals

the Floyd Circuit Court's Orders, dated July 1, 2024, and December 9, 2024,

denying his motion to correct his sentence pursuant to Kentucky Rule of Civil

Procedure ("CR") 60.02.  Thacker alleges that his sentence of 26 years'

imprisonment exceeds the statutory maximum sentence imposed by Kentucky

Revised Statute ("KRS") 532.110(1)(c).  After careful review and consideration,

we affirm the Trial Court's Orders, which properly sentenced Thacker according to

applicable law and are consistent with the prior opinion of the Kentucky Supreme

Court in this matter.

## I.        Factual and Procedural History

Over 15 years ago, a jury convicted Thacker of serious crimes; the

Trial Court imposed a substantial sentence; and the Kentucky Supreme Court

subsequently affirmed on direct appeal.  We restate its summary of the pertinent

facts:

> On July 21, 2010, Appellant Jimmy Thacker, Jr. was
> indicted for one count of first-degree assault, five counts
> of first-degree wanton endangerment, and for being a
> first-degree persistent felony offender.  The charges in
> this case resulted from a shooting that occurred on July
> 16, 2010.  Appellant shot Elizabeth Conn multiple times
> while she, her little girl, and some of her friends were at
> her mother's house.  He was charged with one count of
> wanton endangerment for each of the other persons who
> were at the home at the time of the shooting.  The trial
> was conducted in Floyd Circuit Court on March 21-23,
> 2011.  At trial, Appellant did not deny guilt, but claimed
> that he was acting under extreme emotional disturbance
> (EED) and asserted a voluntary intoxication defense.
> The jury convicted Appellant on all counts, and he was
> sentenced to a total of twenty-six (26) years in prison.

*Thacker v. Commonwealth*, No. 2011-SC-000338-MR, 2012 WL 3632349, at *1

(Ky. Aug. 23, 2012).

On May 19, 2011, the Trial Court issued an Order of Judgment and

Sentence on Plea of Not Guilty, sentencing Thacker to the following term:  20

years for first-degree assault; five years for one count of first-degree wanton

-2-

endangerment; one year for each of four additional counts of first-degree wanton endangerment; and another 20 years for being a persistent felony offender ("PFO I") – versus an enhanced sentence. The judgment and sentence specified in an addendum the manner in which the cumulative sentences would run: the 20-year sentence for first-degree assault and for being a PFO I would run concurrently for 20 years; the five-year sentence for first-degree wanton endangerment would run consecutively to the two 20-year sentences for 25 years; and the remaining sentences on the other counts of first-degree wanton endangerment for one-year would run concurrently with one another but consecutively to the other counts, for a total of 26 years' imprisonment, as recommended by the jury.

Our Supreme Court affirmed Thacker's convictions on all charges but vacated the final judgment in part due to the clear sentencing error. Specifically, that Court noted and ruled that Thacker's sentence to 20 years for being a PFO I should have been "*in lieu* of, instead of concurrent with the sentence for first-degree assault," and the Trial Court erred when it imposed two separate 20-year sentences to run concurrently. *Id.* at *2 (citing KRS 532.080(1)). Accordingly, the Kentucky Supreme Court remanded and directed the Trial Court to issue a new judgment consisting of one 20-year sentence on the first-degree assault conviction, enhanced to 20 years under the PFO I conviction. On November 1, 2012, as instructed, the Trial Court issued a new Order of Judgment and Sentence on Plea of

Not Guilty ("Order correcting sentence") fixing Thacker's sentence at 20 years for first degree assault (the maximum), enhanced to 20 years on his conviction of PFO I, which enhancement will affect his release date. Thacker's sentences for the five counts of first-degree wanton endangerment were not changed; and the total sentence remained 26 years.

Following his corrected sentence, Thacker filed a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, alleging ineffective assistance of counsel due to his counsel's failure to request the Trial Court order a competency evaluation and for failure to present EED as a defense. The Trial Court held three hearings on Thacker's RCr 11.42 motion and issued an Order denying relief on August 4, 2016. On June 22, 2017, the Trial Court denied Thacker's subsequent CR 60.02 motion as untimely and repetitive. Thacker appealed the Trial Court's Orders to this Court. We affirmed the Trial Court, finding that the record refuted Thacker's claims – because counsel did in fact present evidence of EED and voluntary intoxication – and Thacker was competent and participated in his own defense. *Thacker v. Commonwealth*, No. 2017-CA-001293-MR, 2019 WL 1578679, *3 (Ky. App. Apr. 12, 2019).

On September 16, 2019, Thacker filed a motion seeking a new trial pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02(f), alleging ineffective assistance of post-conviction counsel on his RCr 11.42 motion. After years of

delay, some of which likely attributable to the global pandemic, on January 13, 2021, the Trial Court denied the motion as untimely and repetitive. Thacker then appealed for the third time, and this Court affirmed, holding that such claims are limited to counsel's performance on direct appeal. *Thacker v. Commonwealth*, No. 2021-CA-0183-MR, 2021 WL 5406025, at*2 (Ky. App. Nov. 19, 2021).

Over two years later, on December 7, 2023, Thacker filed yet another post-conviction motion, styled "Motion to Correct Illegal Sentence."[1] After procedural delays and the withdrawal by the Department of Public Advocacy ("DPA"), the Trial Court issued an Order denying Thacker's motion on July 1, 2024. On October 21, 2024, Thacker filed another CR 60.02 motion to vacate due to mistake, inadvertence, or excusable neglect, claiming that he had not received a copy of the Trial Court's July 1, 2024, Order, which a clerk had not sent directly to Thacker, but to his then-former counsel, the DPA. Thacker sought a new order denying CR 60.02 relief to preserve his opportunity to appeal. The Trial Court held a hearing on December 5, 2024, and on December 9, 2024, it issued a final and appealable Order denying Thacker's motion to vacate due to mistake, inadvertence, or excusable neglect.

---

[1] Thacker's December 7, 2023, motion, though identified in the case history for Case No. 10-CR-00114, was not originally included in the paper record. Upon request, the Floyd Circuit Court Clerk supplemented its certification of the record on appeal to include the motion and filed it with the Clerk of this Court.

Thacker appealed the December 9, 2024, Order. After multiple procedural delays by Thacker, this Court accepted his appellate brief on April 29, 2025, and accepted his belated appeal of the Trial Court's July 1, 2024, Order on May 23, 2025. We consolidated these appeals for review. Thacker argues that the Trial Court's November 1, 2012, Order, allegedly correcting sentence on remand, did not properly change his 26-year sentence to a purportedly proper 20-year sentence and that the amended sentence exceeds the maximum term allowed by KRS 532.110(1)(c).

The Commonwealth argues that Thacker is not entitled to relief under CR 60.02, and that his motion is procedurally deficient, time-barred, and successive. As to the merits, the Commonwealth asserts that Thacker's sentence of 26-years' incarceration is permissible under KRS 532.110(1)(c) because the jury convicted him of being a PFO I, which carries a sentence enhancement of 20 to 50 years' incarceration.

## II.    Standard of Review

We review a Trial Court's denial of a CR 60.02 motion for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v.*

-6-

*English*, 993 S.W.2d 941, 945 (Ky. 1999); *see also Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

### III. Analysis

A CR 60.02 motion "is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief." *Commonwealth v. Moore*, 664 S.W.3d 582, 589 (Ky. 2023) (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)). A motion under CR 60.02 "should not afford the defendant a second bite at the apple." *Alvey v. Commonwealth*, 648 S.W.2d 858, 860 (Ky. 1983). The structure provided for post-conviction relief "forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Gross*, 648 S.W.2d at 857 (quoting RCr 11.42).

There is no doubt that this fourth appeal in Thacker's post-conviction saga is both successive and procedurally deficient. Thacker did not even properly cite CR 60.02(f) in either his original Motion to Correct Illegal Sentence or in his Appellant Brief. Moreover, the Commonwealth justifiably argues that Thacker's CR 60.02 motion was not filed within a reasonable time and is repetitive. Thacker waited over a decade to challenge his corrected sentence collaterally, and his motions for post-conviction relief are patently in succession.

Nonetheless, as Thacker claims that his corrected sentence is contrary to statute, we will examine its merits, or lack thereof. "[S]entencing is jurisdictional, and all defendants have the right to be sentenced after due consideration of all applicable law." *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007) (citing *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994) and *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985)). In cases alleging a sentencing error, the procedural analysis is different because "sentences falling outside the permissible sentencing range cannot stand uncorrected." *Moore*, 664 S.W.3d at 590 (quoting *McClanahan v. Commonwealth,* 308 S.W.3d 694, 700 (Ky. 2010)). Therefore, precedent requires that the appellate standard of review for a sentencing error is an abuse of discretion, even if the issue was not preserved in prior post-conviction motions. *Id.* at 590. Having determined that we have "inherent authority to correct an unlawful sentence at any time," we will refrain from further analysis of the many procedural deficits of Thacker's CR 60.02 motion. *Moore*, 664 S.W.3d at 590.

In turning to Thacker's claim that the Trial Court's Order correcting sentence dated November 1, 2012, violates KRS 532.110(1)(c), we note at the outset that the Kentucky Supreme Court resolved Thacker's sentencing grievance when it ruled that the Trial Court erred when it imposed a 20-year sentence for the PFO I instead of using it as an enhancement of the 20-year sentence for the

-8-

underlying first-degree assault. As discussed *supra*, the Supreme Court found in Thacker's favor on this single argument. It remanded the matter back to the Trial Court to issue a new judgment of one sentence of 20 years on the first-degree assault, *enhanced* to 20 years under the PFO I conviction as required pursuant to KRS 532.080.

Thacker now claims that the Trial Court failed to incorporate the proper statutory cap required under KRS 532.110(1) when it corrected his sentence on remand. The amended sentence still included an additional six years for five counts of first-degree wanton endangerment, one to be served consecutively and the rest concurrently with each other, but all to be served consecutively to his enhanced 20-year sentence. As Class D felonies, all counts of first-degree wanton endangerment carried a separate penalty range of one to five years. KRS 532.080(6)(b) provides that a person convicted as a PFO I and an underlying Class D felony shall receive an enhanced sentence at the next highest level of felony, *i.e.*, the range of 10 to 20 years. It is not lost on us that Thacker could have lawfully received this higher sentence.

More relevant for our analysis, however, Thacker was also convicted of first-degree assault, a Class B felony. If the underlying offense for which a PFO stands convicted is a Class A or B felony, KRS 532.080(6)(a) applies and requires the Trial Court to sentence Thacker to a *minimum* of 20 years and up to a

maximum of 50 years' imprisonment. Moreover, KRS 532.110(1)(c) directs that "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term that would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." In Thacker's case, his sentence to a total of 26 years' imprisonment does not exceed "the longest extended term which would be authorized," which is 50 years, for "the highest class of crime" of first-degree assault for which he was sentenced. *Id.* Therefore, the Trial Court's Order correcting sentence on remand from the Kentucky Supreme Court complies with the statutory requirements of KRS 532.110(1)(c), and Thacker's sentence of 26 years' imprisonment does not constitute an illegal sentence. The Trial Court did not abuse its discretion when it summarily denied Thacker's motions for post-conviction relief.

As a final matter, we must emphasize that this Court has again concluded its analysis of Thacker's conviction, as has the Supreme Court. Thacker, having now pursued four appeals on largely the same ground, has exhausted all post-conviction remedies that are legally available to him. We pause here to forewarn Thacker that successive motions to vacate his conviction based on grounds that have been, or should have been, raised are not only improper, but may necessitate sanctions in the future.

## IV. Conclusion

For the foregoing reasons, the Orders of the Floyd Circuit Court denying Thacker's CR 60.02 motions are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jimmy Thacker, *Pro Se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky